h BROWN, J.
The state charged defendant, Marcus Dewayne Spencer, with carnal knowledge of a juvenile, but agreed to accept his plea of no contest to an amended charge of sexual battery. The trial court imposed a four year, hard labor sentence, with three years suspended, and denied a timely oral motion for reconsideration. Defendant appeals. We affirm.

Discussion

In August 1995, defendant, then aged 17, engaged in sexual intercourse with a 13-year-old female at defendant’s home. Thereafter, defendant was charged with carnal knowledge of a juvenile. Pursuant to a plea agreement, defendant pled no contest to an amended charge of sexual battery.
Defendant’s first assignment of error asserts that the trial court, in setting his sentence, failed to adhere to the conditions of the plea bargain. The plea agreement included provisions that defendant would receive probation and that he would not have to comply with sex offender reporting requirements. The record, however, shows that the agreement was contingent upon defendant having no prior felony conviction, that he not engage in any criminal conduct from the time of his plea until the time of sentencing and that he appear timely for sentencing. (Emphasis added).
After defendant entered his plea of no contest, he moved to Texas without notifying the court or the officer conducting the pre-sentence investigation (PSI). Further, he failed to appear for sentencing at the appointed time. Instead, the record reflects that defendant appeared in court some six months later, after he either was apprehended or became aware that a bench warrant had been issued. Defendant now argues that the court breached *72 the plea agreement by failing to impose probation.
| gDefendant’s argument is meritless. Probation was contingent upon defendant’s compliance with all of the terms of his plea agreement. Defendant’s failure to appear at the designated time for sentencing was a violation of the terms of his agreement. He also violated the terms of the agreement by engaging in further criminal conduct. Defendant did not adhere to the conditions of his plea bargain. Therefore, the court was under no obligation to impose a probated sentence.
Defendant also argues that the trial court failed to comply with La.C.Cr.P. art. 894.1 and that his sentence is constitutionally excessive.
Prior to imposing sentence, the trial court reviewed a PSI report. The court noted that defendant’s failure to appear for the original sentencing date in August 1997 was without reasonable basis. The court also considered the facts of the case, noting that defendant was 17 at the time of the offense and 19 at the time of sentencing. Although defendant was classified as a first felony offender, he had an extensive misdemeanor record with several failures to comply with conditions of probation. Since the date of the instant conviction, he had committed and had been convicted of three simple batteries and two acts of simple criminal damage to property. The trial court concluded that there was an undue risk of the commission of another offense if defendant were to be given probation. The court then found that he was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the offense.
The record shows the trial court’s compliance with article 894.1. Further, we find no merit to defendant’s argument of constitutional excessiveness. The 19-year-old defendant is not a newcomer to the criminal justice system. He presents no circumstances which would mandate the imposition of a lesser sentence. | .^Defendant’s repeated failures to appear in court and his continued commission of crimes indicate that he has no respect for law enforcement or for the judicial system. Under these circumstances, the sentence imposed does not shock the sense of justice and is not a needless or purposeless infliction of pain and suffering. Thus, it is not constitutionally excessive.
We have reviewed the record for error patent, La.C.Cr.P. art. 920(2), and have found none.

Conclusion

For the reasons set forth above, defendant’s conviction and sentence are AFFIRMED.